STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1311

COAST 2 COAST CONSTRUCTION, L.L.C.

VERSUS

PARISH OF ST. TAMMANY

**Judgment Rendered:** **JUN 1 6 2020**

\* \* \* \* \* \*

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Suit Number 2018-12739

Honorable Martin Coady, Presiding

\* \* \* \* \* \*

Ernest S. Anderson
Slidell, LA

Counsel for Plaintiff/Appellee
Coast 2 Coast Construction, L.L.C.

Ronald S. Hagan
Assistant District Attorney
Mandeville, LA

Counsel for Defendant/Appellant
St. Tammany Parish Government

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

Burris, J. Concurs with reasons

**GUIDRY, J.**

Defendant/Appellant, St. Tammany Parish Government (Parish), appeals from a judgment of the trial court in favor of plaintiff/appellee, Coast 2 Coast Construction, LLC (Coast), granting a writ of mandamus compelling the Parish to pay the final amount due under a construction contract and awarding Coast attorney's fees pursuant to La. R.S. 38:2191(B). For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On July 25, 2014, the Parish awarded a public works contract to Coast for construction of flood control improvements to Huntwyck Village Subdivision Phase II pursuant to the Louisiana Public Bid Law, La. R.S. 38:2212. Coast thereafter commenced work on the project, and on December 30, 2015, the Parish issued a certificate of substantial completion to Coast, and on October 10, 2016, Coast issued a clear lien certificate to the Parish.

Coast filed a petition for damages and mandamus on June 1, 2018, naming the Parish as a defendant and asserting that the Parish had failed to tender final payment due within forty-five days of its receipt of the clear lien certificate. Coast asserted that the following had not been paid, despite amicable demand: approved pay applications and approved change orders in the total amount of $130,733.94 and retainage held by the Parish under the contract in the amount of $107,371.83. Coast also asserted that the Parish continued to contest change orders in the total amount of $190,288.76 without a factual basis. As such, Coast asserted that the total amount of final payments owed by the Parish under the contract was $428,394.53. Coast sought mandamus directing the Parish President to pay the undisputed amount owed to Coast and to resolve the disputed amounts as required by the terms of the contract. Coast also sought attorney's fees pursuant to La. R.S. 38:2191(B), contractual

damages, delay damages, and damages for violation of closed specifications prohibition.

The Parish thereafter filed an answer, affirmative defenses, and reconventional demand. In the reconventional demand, the Parish asserted that the contract included provisions for the assessment of $500.00/day in liquidated or stipulated damages. The Parish asserted that due to the poor and slow performance of Coast, the contract was cancelled in June 2015, but that the parties reinstituted the contract and executed an amendment to the contract on September 3, 2015, which included an extension of sixty days to complete the project. Additionally, liquidated damages were increased to $1,000.00/day. The Parish asserted that Coast did not complete the project within the updated schedule timelines and was assessed $1,000.00 for thirty-one days during the period for which pay application number 6 applied, for a total of $31,000.00 in liquidated damages. The Parish asserted that this amount was withheld from pay application number 6 according to the contract provisions and no funds were paid to Coast.

The Parish further asserted that Coast issued substantial completion of the project on November 5, 2015, and received a punch list. The Parish asserted that Coast failed to complete the punch list items in a timely manner and was assessed liquidated damages of $1,000.00/day for sixty-four days during the period for which pay application number 7 applied, for a total of $64,000.00. The Parish asserted that this amount was withheld from pay application number 7 according to the contract provisions and no funds were paid to Coast. Accordingly, the Parish asserted that under the terms of the contract, it is entitled to have ninety-five days of liquidated damages, accruing at the rate of $1,000.00/day, assessed against Coast.

The trial court held a hearing on Coast's petition for mandamus on January 30, 2019. The parties stipulated at the hearing that the final amount owed under the contract is $95,000.00, which is equal to the amount of liquidated damages claimed

3

by the Parish. Following the hearing, the trial court signed a judgment in favor of Coast and against the Parish, granting the writ of mandamus compelling the Parish to pay the final amount due under the construction contract in the amount of $95,000.00 with judicial legal interest due from October 14, 2016, until paid. The trial court also awarded Coast $12,450.00 in attorney's fees pursuant to La. R.S. 38:2191(B). The Parish thereafter filed a motion for new trial, which the trial court denied on April 24, 2019. The Parish now appeals from the trial court's judgment.

## DISCUSSION

The payments for public contracts are governed by Louisiana Revised Statues Title 38, Chapter 10. Specifically, La. R.S. 38:2191 provides, in part:

A. All public entities shall promptly pay all obligations arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract.

B. (1) Any public entity failing to make any progressive stage payment within forty-five days following receipt of a certified request for payment by the public entity without reasonable cause shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent. Any public entity failing to make any final payments after formal final acceptance within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent.

\* \* \*

C. The provisions of this Section shall not be subject to waiver by contract.

D. Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract, including any authorized change orders.

The Parish contends that the trial court erred in granting mandamus ordering it to pay Coast $95,000.00, because the $95,000.00 was not due and payable under the contract, as it was properly deducted as liquidated damages from the contract amount pursuant to the terms of the contract.

4

This court recently addressed this identical issue in Law Industries, LLC v. Board of Supervisors of Louisiana State University, 18-1756 (La. App. 1st Cir. 3/2/20), ___ So. 3d ___, wherein the defendant had likewise alleged in a mandamus proceeding that no amounts were due under the public contract because it was entitled to withhold that amount as liquidated damages in accordance with the terms of the parties' contract. The trial court, agreeing with the defendant, denied the plaintiff's petition for mandamus. On appeal, however, this court found that it was bound to apply La. R.S. 38:2191(D) as written, which states that a public entity *shall be* subject to a mandamus to compel the payment of any sums due under the contract. This court further found that in a case where liquidated damages are at issue, in order to determine the amount owed or "due" under the parties' contract, the trial court must determine the amount of liquidated damages, as provided for in the contract, which is owed to the defendant. Law Industries, LLC, 18-1756 at pp. 13.

Accordingly, this court found in Law Industries, LLC that if a plaintiff elects to use a mandamus proceeding, the trial court must determine in a summary proceeding the sum owed under the parties' contract, including the amount of liquidated damages payable under the contract's provisions. If, after a summary hearing, the trial court determines that a sum is due to the plaintiff under the public contract, the trial court may order a judgment making the writ of mandamus peremptory. Thereafter, the public officer or entity shall pay the amount ordered. Law Industries, LLC, 18-1756 at p. 14.

In the instant case, the trial court found in its reasons for judgment that the request by Coast for mandamus under La. R.S. 38:2191(D) for final payment due under the contract is distinct from the Parish's separate claim against Coast for liquidated damages and as such, the Parish's claim must be adjudicated separately from the mandamus proceeding. In light of this court's previous decision in Law Industries, LLC, we find that the trial court legally erred in failing to consider the

5

Parish's claim for liquidated damages in determining the amount due to Coast in the mandamus proceeding. Accordingly, we reverse the trial court's judgment and remand this matter to the trial court to determine the sum owed under the parties' contract in a mandamus proceeding in accordance with La. R.S. 38:2191(D) and to enter judgment accordingly. See Law Industries, LLC, 18-1756 at pp. 14-15.[2]

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Coast 2 Coast Construction, LLC.

**REVERSED AND REMANDED.**

---

[2] Considering our determination that the trial court legally erred in failing to determine the amount of liquidated damages payable under the contract requiring reversal of the judgment herein, we pretermit discussion of the remaining assignments of error.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1311

COAST 2 COAST CONSTRUCTION, L.L.C.

VERSUS

PARISH OF ST. TAMMANY

**BURRIS, J.**, concurring.

\* \* \* \* \* \*

I agree that this court is bound to follow the holding of **Law Industries, LLC v. Board of Supervisors of Louisiana State University**, 2018-1756 (La. App. 1st Cir. 3/2/20), ___ So. 3d ___, 2020 WL 1024901. <u>See</u> **Pontchartrain Natural Gas System v. Texas Brine Co., LLC**, 2018-0001 (La. App. 1st Cir. 6/4/18), 253 So.3d 156, <u>writ denied</u>, 2018-1124 (La. 9/28/18), 253 So.3d 147 (recognizing this court is bound by the "law of the circuit" doctrine to follow its prior decisions.) Therefore, I concur with the result reached herein.

However, I write separately to note my agreement with Judge Welch's dissent in **Law Industries** that a claim for liquidated damages should be tried as an ordinary proceeding, separate from the mandamus proceeding provided for in La. R.S. 38:2191 to recover amounts due under the contract. As noted by Judge Welch, litigating the various issues that may arise in a contract dispute in a summary proceeding in order to determine what sums are owed under a public contract thwarts the purpose of the speedy resolution of contractual claims via mandamus envisioned by La. R.S. 38:2191. **Law Industries,** ___ So. 3d ___, 2020 WL 1024901, \*10.